GRIECO & DeFILIPPO, L.L.C.
414 Eagle Rock Avenue, Suite 200
West Orange, New Jersey 07052
T (973) 243-2099 * F (973) 243-2095
**Attorneys for Defendants, Township of Union
and Building Department Township of Union**

| | |
|---|---|
| IMELDA REINA, an individual, : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO.: UNN-L-4345-12 |
| Plaintiff, : | |
| vs. : | Civil Action   13-659 (SRC) |
| TOWNSHIP OF UNION, BUILDING :<br>DEPARTMENT TOWNSHIP OF UNION<br>WILLIAM SHERIDAN, COUNTY OF :<br>UNION, STATE OF NEW JERSEY,<br>STATE OF NEW JERSEY DEPART- :<br>MENT OF COMMUNITY AFFAIRS and<br>or JOHN DOES 1-10 (fictitious names :<br>presnetly unknown) and/or ABC COM-<br>PANIES /CORPORATIONS 1-10 (ficti- :<br>tious entities presently unknown), | NOTICE OF REMOVAL<br>(28 U.S.C. § 1446(d)) |
| : | |
| Defendants. | |
| _____: | |

TO:   Clerk, Superior Court of New Jersey
      Hughes Justice Complex
      CN-970
      Trenton, New Jersey 08625

ON NOTICE TO:   Clerk, Union County Superior Court
                Courthouse
                2 Broad Street
                Elizabeth, NJ 07207

                Evan Mason Harris, Esq.
                Aiello Harris Devero Marth & Schiffman, PC
                501 Watchung Avenue
                Watchung, New Jersey 07069-4949

                Clerk, Superior Court of New Jersey
                Hughes Justice Complex - CN-970
                25 West Market Street
                Trenton, New Jersey 08625

**PLEASE TAKE NOTICE** in accordance with 28 U.S.C. §§ 1441-1451, defendants, **Township of Union and Building Department Township of Union**, by their attorneys, Grieco & DeFilippo, L.L.C., hereby give notice that they have removed the above-entitled case from the Superior Court of New Jersey, Union, to the United States District Court for the District of New Jersey. In support of this notice, defendants state the following:

1. The within matter was commenced by plaintiff, Imelda Reina, in the Superior Court of New Jersey, Union County, Docket No. UNN-L-4345-12. This defendant was served with a copy of the Summons and Complaint.

2. The United States District Court has original jurisdiction of the above-captioned civil action pursuant to 28 U.S.C. § 1331 because the cause of action brought by plaintiff appears to involve a federal question.

3. True copies of the Summons and Complaint, which comprise all pleadings and orders served upon the defendants in this action, are attached hereto as **Exhibit A**.

4. We believe the removal to be timely under 28 U.S.C. § 1446(b) in that these defendants have no knowledge as to service on co-defendants and if plaintiff is presenting a Federal claim.

5. Defendants seek removal of the within matter pursuant to 28 U.S.C. § 1441 because the Complaint appears to allege causes of action arising under federal law and/or the United States Constitution, including presumably Civil Rights claims. (See Exhibit A.)

6. No previous petition or notice has been made for the relief sought herein.

7. A Notice of Filing the Notice of Removal to the United States District Court for the District of New Jersey, along with a copy of the within Notice, will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Union County. (See copy of Notice of Filing the Notice of Removal attached hereto as **Exhibit B**.) Additionally, a copy of both Notices will be served upon plaintiff.

8. These defendants have no knowledge as to who is representing co-defendants William Sheridan, State of New Jersey, State of New Jersey Department of Community Affairs and are not able to obtain consent for this removal at this time.

**WHEREFORE**, defendants, **Township of Union and Building Department Township of Union** respectfully give notice that the above-entitled matter is removed to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Union County.

                                        GRIECO & DeFILIPPO, L.L.C.
                                        **Attorneys for Defendants, Township of Union and Building Department Township of Union**

BY: _____
                      NICHOLAS A. GRIECO

**Dated:**

# Exhibit "A"

**AIELLO, HARRIS, MARTH, TUNNERO,**
**PASTOR & SCHIFFMAN, P.C.**
**501 WATCHUNG AVENUE**
**WATCHUNG, NEW JERSEY 07069**
**(908) 561-5577**
**(908) 412-1007 (FACSIMILE)**
**ATTORNYES FOR PLAINTIFF**

| | |
|---|---|
| IMELDA REINA, an individual | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>UNION COUNTY |
| Plaintiff, | |
| | DOCKET NO. UNN-L-4345-12 |
| v. | Civil Action |
| TOWNSHIP OF UNION, BUILDING DEPARTMENT TOWNSHIP OF UNION, WILLIAM SHERIDAN, COUNTY OF UNION, STATE OF NEW JERSEY, STATE OF NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS and/or JOHN DOES 1-10 (fictitious names presently unknown) and/or ABC COMPANIES/CORPORATIONS 1-10 (fictitious entities presently unknown); | ***SUMMONS*** |
| Defendants. | |

**To The Defendant(s) Named Above:   Township of Union**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)

If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625- 0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

03/05/2011  04:34AM  9084128577                    AIELLO HARRIS                                    PAGE  04/23

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ Jennifer Perez
Acting Clerk of the Superior Court

DATED: January 8, 2013

Name of Defendant to be served:   Township of Union
                                  1976 Morris Avenue
                                  Union, NJ 07083

Note: The Case Information Statement is available at www.njcourts.com Revised 09/01/2010, CN  10792-English (Appendix Xii-A)

```
03/05/2011  04:34AM  9084128577           AIELLO HARRIS              PAGE  15/23
```

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH              NJ 07207

TRACK ASSIGNMENT NOTICE

INTAKE TELEPHONE NO. (908) 659-4817
DAILY STOPS

                        DATE:    DECEMBER 19, 2010
                        RE:      REINA VS UNION TOWNSHIP OF ET AL
                        DOCKET:  UNN L -004345 10

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3

    DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:   HON LISA F. CHRYSTAL

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (908) 659-4823.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R. 4:5A-2.
                        ATTENTION:
                                   ATT: EVAN M. HARRIS
                                   AIELLO HARRIS MARTH T P & S
                                   501 WATCHUNG AVENUE
                                   WATCHUNG           NJ 07069

CC:AP



03/05/2011  04:34AM  9084128577                    AIELLO HARRIS                              PAGE  16/23

## Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME Evan Mason Harris | TELEPHONE NUMBER (908) 561-5577 | COUNTY OF VENUE Union |
|---|---|---|
| FIRM NAME (if applicable) Aiello, Harris, Marth, Tunnero, Pastor & Schiffman | | DOCKET NUMBER (when available) UNN 4345 12 |
| OFFICE ADDRESS 501 Watchung Avenue Watchung, New Jersey 069 | | DOCUMENT TYPE Complaint |
| | | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Imelda Reina, Plaintiff | CAPTION Reina v. Township of Union, et al. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 005 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?  ☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ■ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP:  ☐ EMPLOYER/EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ NO |
|---|
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?  ☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _/s/_

Effective 06/20/2011, CN 10517-English



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION

### Mass Tort (Track IV)
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action   ☐ Title 59



AIELLO, HARRIS, MARTH, TUNNERO,
PASTOR & SCHIFFMAN, P.C.
501 WATCHUNG AVENUE
WATCHUNG, NEW JERSEY 07069
(908) 561-5577
(908) 412-1007 (FACSIMILE)
ATTORNYES FOR PLAINTIFF

|  |  |
|---|---|
| IMELDA REINA, an individual<br><br>  Plaintiff,<br><br>v.<br><br>TOWNSHIP OF UNION, BUILDING DEPARTMENT TOWNSHIP OF UNION, WILLIAM SHERIDAN, COUNTY OF UNION, STATE OF NEW JERSEY, STATE OF NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS and/or JOHN DOES 1-10 (fictitious names presently unknown) and/or ABC COMPANIES/CORPORATIONS 1-10 (fictitious entities presently unknown);<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>UNION COUNTY<br><br>DOCKET NO. UNN-L-4345-12<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, Imelda Reina, residing at 1021 Grandview Avenue, Township of Union, State of New Jersey by way of complaint against the defendants, says:

### FIRST COUNT

1.  On or about, December 21, 2011, the plaintiff, Imelda Reina was at her home located at 1021 Grandview Avenue, Township of Union, State of New Jersey when defendant William Sheridan and/or John Does 1-10 individually and/or in his capacity as housing inspector

for the defendant Township of Union and Township of Union Building Department and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown) visited plaintiff's home.

2. At the aforesaid time and place, the defendant William Sheridan and/or John Does 1-10 (fictitious persons presently unknown) and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown), were responsible for housing inspection for the Township of Union and the Township of Union Building Department and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown).

3. At the aforesaid time and place, the aforesaid defendants William Sheridan and/or John Does 1-10 (fictitious persons presently unknown) acting in his official capacity as agent, servant and/or employee of defendants Township of Union and the Township of Union Building Department and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown) and/or acting individually in private capacity sexually contacted plaintiff in a lewd and atrocious manner and/or acted in such a negligent and/or reckless manner such as to sexually contact plaintiff in an unwanted, lewd and atrocious manner.

4. Upon information and belief the aforementioned defendants were controlled and/or operated under the auspices of the defendant State of New Jersey/ State of New Jersey Department of Community Affairs which was negligent in its oversight, control, supervision, training and/or execution of its duties/responsibilities as to the aforementioned defendants.

5. As a direct and proximate result of the acts of the defendants as aforesaid, plaintiff, Imelda Reina was caused to sustain severe emotional and psychological injury and upset and was otherwise seriously and permanently injured, was caused to and did seek medical/psychological attention in an effort to cure herself of her injuries, was prevented from attending her usual business and was otherwise seriously and permanently damaged.

**WHEREFORE**, plaintiff, Imelda Reina, demands judgment against the defendants herein, jointly, severally, or in the alternative for the injuries and damages complained of, together with interest and costs of suit.

### SECOND COUNT

1. Plaintiff repeats and realleges each and every allegation contained in the First Count of the complaint as if the same were set forth herein at length.

2. At the aforesaid time, the defendants Township of Union and the Township of Union Building Department, State of New Jersey/State of New Jersey Department of Community Affairs and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown) aforesaid in the First Count with the responsibility of supervising, training, controlling the defendants William Sheridan and/or John Does 1-10 (fictitious persons presently unknown) and/or knew and/or should have known of risk posed and the propensities of defendant William Sheridan and/or John Does 1-10 (fictitious persons presently unknown).

3. As direct and proximate result of the negligence, carelessness and/or recklessness of the aforesaid defendants and/or unknown defendants in failing to supervise, train, control defendant William Sheridan and/or John Does 1-10 (fictitious persons presently unknown) and/or prevent the actions of defendants William Sheridan and/or John Does 1-10 (fictitious persons presently unknown) plaintiff, Imelda Reina was caused to sustain severe emotional and psychological injury and upset and was otherwise seriously and permanently injured, was caused to and did seek medical/psychological attention in an effort to cure herself of her injuries, was prevented from attending her usual business and was otherwise seriously and permanently damaged.

3

**WHEREFORE**, plaintiff, Imelda Reina, demands judgment against the defendants herein, jointly, severally, or in the alternative for the injuries and damages complained of, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations of the First and Second Counts as if set forth herein at length.

2. All of the defendants and/or unknown defendants aforesaid violated Claimant's civil rights pursuant to 42 U.S.C. §1983 et. seq., Title VII including but not limited to denial of equal protection and due process under the 4th and 14th amendments of Federal and State Constitutions as a result of their negligence and/or intentional failure to follow appropriate policies and procedures, negligent and/or deliberate indifference to the health, safety and welfare of Imelda Reina.

**WHEREFORE**, plaintiff, Imelda Reina, demands judgment against the defendants herein, jointly, severally, or in the alternative for the injuries and damages complained of, together with interest and costs of suit and counsel fees.

### FOURTH COUNT

1. Plaintiffs repeat the allegations of the First through Third Counts as if set forth herein

2. The conduct of the aforementioned defendants and/or the unknown defendants aforesaid was willful, wanton and/or intentional and manifested such a reckless indifference to the safety of the plaintiff as to constitute actual malice manifested by the aforementioned named defendants and the unknown defendants against plaintiff Imelda Reina punitive damages should be imposed against those defendants in amounts sufficient to punish those defendants for their

willful, wanton and intentional and/or in willful disregard of the rights and safety as to plaintiff and to deter those defendants and others similarly situated from engaging in such conduct in the future.

**WHEREFORE**, the plaintiff demands judgment against all of the defendants, individually, jointly and severally, for the compensatory damages including but not limited to punitive damages in an amount sufficient to adequately punish those defendants for their willful and/or intentional conduct described above, and to deter those defendants and others similarly situated from engaging in such intentional and willful conduct in the future. The plaintiff further demands that they recover interest on the judgment amount, including prejudgment interest at the legal rate, attorneys fee, costs of suit, and such other relief as the Court may deem appropriate under law.

### FIFTH COUNT

1. Plaintiffs repeat each and every allegation contained in the First through Fourth Counts of the complaint as if the same were set forth herein at length.

2. All defendants and/or unknown defendants aforesaid have negligently, recklessly and/or intentionally caused or contributed to incident and damages aforesaid in Counts First through Fourth Counts of plaintiffs' complaint and/or caused or contributed to plaintiff's injuries.

3. As a direct and proximate result of the acts of the defendants as aforesaid, plaintiff, Imelda Reina was caused to sustain severe emotional and psychological injury and upset and was otherwise seriously and permanently injured, was caused to and did seek medical/psychological attention in an effort to cure herself of her injuries, was prevented from attending her usual business and was otherwise seriously and permanently damaged.

5

WHEREFORE, the plaintiff demands judgment against all of the defendants, individually, jointly and severally, for the compensatory damages including but not limited to damages and for punitive damages in an amount sufficient to adequately punish those defendants for their willful and/or intentional conduct described above, and to deter those defendants and others similarly situated from engaging in such intentional and willful conduct in the future. The plaintiff further demands that they recover interest on the judgment amount, including prejudgment interest at the legal rate, attorneys fee, costs of suit, and such other relief as the Court may deem appropriate under law.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R.4:25-4, notice is hereby given that Evan Mason Harris, Esq., is designated as trial counsel in the within matter.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

### CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending an arbitration proceeding or is any other action or arbitration proceeding contemplated nor is there any other party who should be joined in compliance with R. 4:5-1.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

AIELLO, HARRIS, MARTH, TUNNERO,
PASTOR & SCHIFFMAN, P.C.
Attorneys for Plaintiff

By: _____
       EVAN MASON HARRIS, ESQ.

Dated: December 4, 2012

6

| | | |
|---|---|---|
| **ATLANTIC COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL DIVISION, DIRECT FILING<br>1201 BACHARACH BLVD., FIRST FL.<br>ATLANTIC CITY, NJ 08401<br>LAWYER REFERRAL (609) 345-3444<br>LEGAL SERVICES (609) 348-4200 | **GLOUCESTER COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL CASE MANAGEMENT OFFICE<br>ATTN: INTAKE<br>FIRST FL., COURT HOUSE<br>1 NORTH BROAD STREET<br>WOODBURY, NJ 08096<br>LAWYER REFERRAL (856) 848-4589<br>LEGAL SERVICES (856) 848-5360 | **OCEAN COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>118 WASHINGTON STREET, ROOM 121<br>P.O. BOX 2191<br>TOMS RIVER, NJ 08754-2191<br>LAWYER REFERRAL (732) 240-3666<br>LEGAL SERVICES (732) 341-2727 |
| **BERGEN COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL DIVISION, ROOM 115<br>JUSTICE CENTER, 10 MAIN ST.<br>HACKENSACK, NJ 07601-0769<br>LAWYER REFERRAL (201) 488-0044<br>LEGAL SERVICES (201) 487-2166 | **HUDSON COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>SUPERIOR COURT, CIVIL RECORDS DEPT.<br>BRENNAN COURT HOUSE–1ST FLOOR<br>583 NEWARK AVE.<br>JERSEY CITY, NJ 07306<br>LAWYER REFERRAL (201) 798-2727<br>LEGAL SERVICES (201) 792-6363 | **PASSAIC COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL DIVISION<br>COURT HOUSE<br>77 HAMILTON ST.<br>PATERSON, NJ 07505<br>LAWYER REFERRAL (973) 278-9223<br>LEGAL SERVICES (973) 523-2900 |
| **BURLINGTON COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CENTRAL PROCESSING OFFICE<br>ATTN: JUDICIAL INTAKE<br>FIRST FL., COURTS FACILITY<br>49 RANCOCAS RD.<br>MT. HOLLY, NJ 08060<br>LAWYER REFERRAL (609) 261-4862<br>LEGAL SERVICES (800) 496-4570 | **HUNTERDON COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>CIVIL DIVISION<br>65 PARK AVENUE<br>FLEMINGTON, NJ 08822<br>LAWYER REFERRAL (908) 735-2611<br>LEGAL SERVICES (908) 782-7979 | **SALEM COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>ATTN: CIVIL CASE MANAGEMENT<br>OFFICE<br>92 MARKET ST.<br>SALEM, NJ 08079<br>LAWYER REFERRAL (856) 935-5629<br>LEGAL SERVICES (856) 451-0003 |
| **CAMDEN COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL PROCESSING OFFICE<br>HALL OF JUSTICE, 1ST FL., STE 150<br>101 S. FIFTH ST.<br>CAMDEN, NJ 08103<br>LAWYER REFERRAL (856) 964-4520<br>LEGAL SERVICES (856) 964-2010 | **MERCER COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>LOCAL FILING OFFICE, COURTHOUSE<br>175 S. BROAD STREET, P.O. BOX 8068<br>TRENTON, NJ 08650<br>LAWYER REFERRAL (609) 585-6200<br>LEGAL SERVICES (609) 695-6249 | **SOMERSET COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL DIVISION OFFICE<br>P.O. BOX 3000<br>40 NORTH BRIDGE STREET<br>SOMERVILLE, NJ 08876<br>LAWYER REFERRAL (908) 685-2323<br>LEGAL SERVICES (908) 231-0840 |
| **CAPE MAY COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>9 N. MAIN STREET<br>CAPE MAY COURT HOUSE, NJ 08210<br>LAWYER REFERRAL (609) 463-0313<br>LEGAL SERVICES (609) 465-3001 | **MIDDLESEX COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>MIDDLESEX VICINAGE<br>2ND FLOOR - TOWER<br>56 PATERSON ST., P.O. BOX 2633<br>NEW BRUNSWICK, NJ 08903-2633<br>LAWYER REFERRAL (732) 828-0053<br>LEGAL SERVICES (732) 249-7600 | **SUSSEX COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>SUSSEX COUNTY JUDICIAL CENTER<br>43-47 HIGH STREET<br>NEWTON, NJ 07860<br>LAWYER REFERRAL (973) 267-5882<br>LEGAL SERVICES (973) 383-7400 |
| **CUMBERLAND COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL CASE MANAGEMENT OFFICE<br>60 WEST BROAD STREET, P.O. BOX 10<br>BRIDGETON, NJ 08302<br>LAWYER REFERRAL (856) 696-5500<br>LEGAL SERVICES (856) 691-0494 | **MONMOUTH COUNTY:**<br>DEPUTY CLERK OF THE SUPERIOR COURT<br>COURT HOUSE<br>P.O. BOX 1269<br>FREEHOLD, NJ 07728-1269<br>LAWYER REFERRAL (732) 431-5544<br>LEGAL SERVICES (732) 866-0020 | **UNION COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>1ST FL., COURT HOUSE<br>2 BROAD STREET<br>ELIZABETH, NJ 07207-6073<br>LAWYER REFERRAL (908) 353-4715<br>LEGAL SERVICES (908) 354-4340 |
| **ESSEX COUNTY:**<br>DEPUTY CLERK – SUPERIOR COURT<br>CIVIL CUSTOMER SERVICE<br>HALL OF RECORDS, ROOM 201<br>465 DR. MARTIN LUTHER KING, JR. BLVD<br>NEWARK, NJ 07102<br>LAWYER REFERRAL (973) 622-6204<br>LEGAL SERVICES (973) 624-4500 | **MORRIS COUNTY:**<br>MORRIS COUNTY COURTHOUSE<br>CIVIL DIVISION<br>WASHINGTON AND COURT STREETS<br>P.O. BOX 910<br>MORRISTOWN, NJ 07963-0910<br>LAWYER REFERRAL (973) 267-5882<br>LEGAL SERVICES (973) 285-6911 | **WARREN COUNTY:**<br>DEPUTY CLERK–THE SUPERIOR COURT<br>CIVIL DIVISION OFFICE<br>COURT HOUSE<br>413 SECOND STREET<br>BELVIDERE, NJ 07823-1500<br>LAWYER REFERRAL (908) 267-5882<br>LEGAL SERVICES |

# Exhibit "B"

GRIECO & DeFILIPPO, L.L.C.
414 Eagle Rock Avenue, Suite 200
West Orange, New Jersey 07052
T (973) 243-2099 * F (973) 243-2095
**Attorneys for Defendants, Township of Union
and Building Department Township of Union**

| | |
|---|---|
| IMELDA REINA, an individual, : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY DOCKET NO.: UNN-L-4345-12 |
| Plaintiff, : | |
| vs. : | Civil Action |
| TOWNSHIP OF UNION, BUILDING : DEPARTMENT TOWNSHIP OF UNION WILLIAM SHERIDAN, COUNTY OF : UNION, STATE OF NEW JERSEY, STATE OF NEW JERSEY DEPART- : MENT OF COMMUNITY AFFAIRS and or JOHN DOES 1-10 (fictitious names : presnetly unknown) and/or ABC COM-PANIES /CORPORATIONS 1-10 (ficti- : tious entities presently unknown), : | NOTICE OF FILING OF PETITION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY FOR REMOVAL (28 U.S.C. § 1446(d)) |
| Defendants. : | |

TO:      Clerk, Superior Court of New Jersey
             Hughes Justice Complex
             CN-970
             Trenton, New Jersey 08625

ON NOTICE TO:      Clerk, Union County Superior Court
                         Courthouse
                         2 Broad Street
                         Elizabeth, NJ 07207

                         Evan Mason Harris, Esq.
                         Aiello Harris Devero Marth & Schiffman,PC
                         501 Watchung Avenue
                         Watchung, New Jersey 07069-4949

                         Clerk, Superior Court of New Jersey
                         Hughes Justice Complex - CN-970
                         25 West Market Street
                         Trenton, New Jersey 08625

SIR/MADAM:

**PLEASE TAKE NOTICE** that defendants, **Township of Union and Building Department Township of Union**, have on this _____ day of _____, 2013, filed a Notice of Removal, a copy of which is attached hereto, in the United States District Court for the District of New Jersey, to remove the above-captioned matter from the Superior Court of New Jersey, Union County, to the United States District Court for the District Court of New Jersey.

You are also advised that the defendant, upon filing of said Notice of Removal, filed a copy of the Notice with **Evan Mason Harris, Esq.**, counsel for plaintiff.

                                                       GRIECO & DeFILIPPO, L.L.C.
                                                       Attorneys for Defendants, Township of Union and Building Department Township of Union

BY: _____
                                       NICHOLAS A. GRIECO

**Dated:**