**ROBERT E. BARRY, ESQ.**
Union County Counsel
Department of Law
Administration Building
Elizabeth, New Jersey 07207
Attorney for Defendant, County of Union

By:  **Christopher M. Howard, Assistant County Counsel**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
|  | CIVIL ACTION NO. 2:13-CV-659 (SRC/CLW) |
| SUPERIOR COURT OF NEW JERSEY IMELDA REINA, an individual, |  |
| Plaintiff, | Civil Action |
| vs. |  |
| TOWNSHIP OF UNION, BUILDING DEPARTMENT TOWNSHIP OF UNION, WILLIAM SHERIDAN, COUNTY OF UNION, STATE OF NEW JERSEY, STATE OF NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS and/or JOHN DOES 1-10, (fictitious names presently unknown) and/or ABC COMPANIES/ CORPORATIONS 1-10 (fictitious entities presently unknown), | **ANSWER AND SEPARATE DEFENSES TO CORRECTIVE COMPLAINT, CROSSCLAIMS, RESERVATION OF RIGHTS TO ADD AFFIRMATIVE DEFENSES, ANSWER TO CROSS-CLAIMS, FRIVOLOUS ACTION NOTICE, DEMAND FOR PRODUCTION OF DOCUMENTS, DEMAND FOR STATEMENT OF DAMAGES, DEMAND FOR ANSWERS TO INTERROGATORIES, JURY DEMAND** |
| Defendants. | **AND DESIGNATION OF TRIAL COUNSEL** |

Defendant, County of Union, a body politic of the State of New Jersey, by way of Answer to the within Corrective Complaint of Plaintiff says:

**FIRST COUNT**

1. Defendant, County of Union, denies the allegations of Paragraph One of the First Count of the Corrective Complaint.

2. Defendant, County of Union, denies the allegations of Paragraph Two of the First Count of the Corrective Complaint.

3. Defendant, County of Union, denies the allegations of Paragraph Three of the First Count of the Corrective Complaint.

4. Defendant, County of Union, denies the allegations of Paragraph Four of the First Count of the Corrective Complaint.

5. Defendant, County of Union, denies the allegations of Paragraph Five of the First Count of the Corrective Complaint.

WHEREFORE, this Defendant seeks dismissal of the Corrective Complaint together with attorney fees and costs of suit.

## SECOND COUNT

1. Defendant, County of Union, repeats and reiterates its answers to the allegations contained in the First Count of Plaintiff's Corrective Complaint as if fully set forth at length herein.

2. Defendant, County of Union, denies the allegations of Paragraph Two of the Second Count of the Corrective Complaint.

3. Defendant, County of Union, denies the allegations of Paragraph Three of the Second Count of the Corrective Complaint.

WHEREFORE, this Defendant seeks dismissal of the Corrective Complaint together with attorney fees and costs of suit.

## THIRD COUNT

1. Defendant, County of Union, repeats and reiterates its answers to the allegations contained in the First and Second Counts of Plaintiff's Corrective Complaint as if fully set forth at length herein.

2. Defendant, County of Union, denies the allegations of Paragraph Two of the Third Count of the Corrective Complaint.

WHEREFORE, this Defendant seeks dismissal of the Corrective Complaint together with attorney fees and costs of suit.

## FOURTH COUNT

1. Defendant, County of Union, repeats and reiterates its answers to the allegations contained in the First, Second and Third Counts of Plaintiff's Corrective Complaint as if fully set forth at length herein.

2. Defendant, County of Union, denies the allegations of Paragraph Two of the Fourth Count of the Corrective Complaint.

WHEREFORE, this Defendant seeks dismissal of the Corrective Complaint together with attorney fees and costs of suit.

## FIFTH COUNT

1. Defendant, County of Union, repeats and reiterates its answers to the allegations contained in the First, Second, Third and Fourth Counts of Plaintiff's Corrective Complaint as if fully set forth at length herein.

2. Defendant, County of Union, denies the allegations of Paragraph Two of the Fifth Count of the Corrective Complaint.

3. Defendant, County of Union, denies the allegations of Paragraph Three of the Fifth Count of the Corrective Complaint.

WHEREFORE, this Defendant seeks dismissal of the Corrective Complaint together with attorney fees and costs of suit.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has failed to give timely Notice of Claim or present a claim in accordance with N.J.S.A. 59:8-1, et seq.

### THIRD SEPARATE DEFENSE

This Defendant herein is not guilty of negligence and violated no duty owed to the Plaintiff.

### FOURTH SEPARATE DEFENSE

To the extent that Plaintiff suffered any damages, which this Defendant expressly denies, Plaintiff's own negligence or other culpable conduct was the proximate cause thereof.

### FIFTH SEPARATE DEFENSE

The accident complained of was caused by the actions of persons or entities over whom this Defendant had no control.

### SIXTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon this Defendant is subject to reduction by the application of comparative negligence as set forth in N.J.S.A. 59:9-4.

### SEVENTH SEPARATE DEFENSE

Recovery herein is barred by the provisions of New Jersey Tort Claims Act N.J.S.A. 59:1-1, et seq.

### EIGHTH SEPARATE DEFENSE

This Defendant will rely upon any and all defenses, immunities and protections of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. and hereby places Plaintiff on notice that each and every such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of this matter. All parties are further placed on notice that the failure to specifically plead those defenses does not constitute a waiver.

### NINETH SEPARATE DEFENSE

Any recovery to which Plaintiff may be entitled as against this Defendant is subject to the limitations and reductions as set forth in N.J.S.A. 59:9-2.

### TENTH SEPARATE DEFENSE

The negligence, if any, on the part of this Defendant was not the proximate cause of the injuries which may have been sustained by the Plaintiff.

### ELEVENTH SEPARATE DEFENSE

This proceeding is not the proper forum and/or venue to address the claims as set forth in the Complaint.

WHEREFORE, Defendant, County of Union, demands judgment dismissing the Complaint.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Defendant, County of Union, by way of Crossclaim against the co-Defendants, Township of Union, Building Department Township of Union, William Sheridan, State of New Jersey, State of New Jersey Department of Community Affairs and/or John Does 1-10 (fictitious names presently unknown) and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown), says:

### FIRST COUNT

While denying any liability to the Plaintiff for the accident, injuries and damages alleged, if adjudged liable, this Defendant asserts that such liability is not morally culpable, but merely secondary, technical, vicarious and imputed, and that the sole or primary liability is that of co-Defendants, Township of Union, Building Department Township of Union, William Sheridan, State of New Jersey, State of New Jersey Department of Community Affairs and/or John Does 1-10 (fictitious names presently unknown) and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown), entitling this Defendant to indemnification both common law and/or contractual from said Defendants for any and all sums recovered against it by Plaintiff.

WHEREFORE, this Defendant demands damages from co-Defendants for any sum recovered against it by Plaintiff together with attorney's fees and costs of suit.

### SECOND COUNT

While denying any liability to Plaintiff if this Defendant is adjudged liable to Plaintiff, they then assert that the co-Defendants, Township of Union, Building Department Township of Union, William Sheridan, State of New Jersey, State of New Jersey Department of Community Affairs and/or John Does 1-10 (fictitious names presently unknown) and/or ABC Companies/Corporations 1-10 (fictitious entities presently unknown), is a joint tortfeasor with it

and therefore demands contribution from said co-Defendants pursuant to the terms and provisions of the Joint Tortfeasor's Contribution Action, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

WHEREFORE, Defendant, County of Union, demands damages from said co-Defendants for any sums recovered against it by Plaintiff together with attorney's fees and costs of suit.

### RESERVATION OF RIGHTS TO ADD AFFIRMATIVE DEFENSES

Defendant, County of Union County, reserve its right to amend its Answer to the Plaintiff's Corrective Complaint to assert such additional affirmative defenses as may become apparent during the continuing course of discovery in this matter.

### ANSWER TO CROSS-CLAIMS

Defendant, County of Union, a body politic of the State of New Jersey, by way of Answer to the Cross-claims made by any and all co-Defendants, says:

Defendant, County of Union, denies any and all allegations contained in any cross-claim and denies that any and all cross-claimants are entitled to the relief sought.

WHEREFORE, the Defendant, County of Union, demands judgment dismissing any and all cross-claims, together with attorney fees and costs of suit.

### FRIVOLOUS ACTION NOTICE

Defendant, County of Union, expressly reserves its rights to pursue an action against Plaintiff at the conclusion of the case pursuant to the provisions of N.J.S.A. 2A:15-59.1, et. seq.

WHEREFORE, Defendant, County of Union, demands judgment dismissing the Complaint.

## DEMAND FOR PRODUCTION OF DOCUMENTS

This Defendant hereby demands Plaintiff serve copies of all documents Plaintiff may have in regard to this Complaint upon this Defendant's attorneys within five (5) days of this demand pursuant to Rule 4:18-2.

## DEMAND FOR STATEMENT OF DAMAGES

Demand is hereby made for a written Statement of Damages claimed within five days of receipt of this Answer pursuant to Rule 4:5-2.

## DEMAND FOR ANSWERS TO INTERROGATORIES

This Defendant demands answers to Form A Interrogatories from Plaintiffs.

## JURY DEMAND

This Defendant demands a trial by jury of six persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

This Defendant hereby designates Christopher M. Howard, as trial counsel in this matter.

ROBERT E. BARRY, ESQ.
UNION COUNTY COUNSEL

DATED: 2/28/13

s/ *Christopher M. Howard*
CHRISTOPHER M. HOWARD
Assistant County Counsel

## **CERTIFICATION**

I hereby certify in accordance with Rule 4:5-1 that there are no other proceedings pending or contemplated with respect to the matter in controversy and there are no other parties who should be joined in this action.

I further certify that a copy of the within pleading was filed and served on all parties of record pursuant to the Rules of Court.

DATED: 2/28/13                                          s/ *Christopher M. Howard*
                                                        CHRISTOPHER M. HOWARD
                                                        Assistant County Counsel