NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMELDA REINA, | |
| Plaintiff, | Hon. Stanley R. Chesler, U.S.D.J. |
| | Civil Action No. 13-659 (SRC) |
| v. | |
| TOWNSHIP OF UNION, WILLIAM SHERIDAN et al. | **OPINION & ORDER** |
| Defendants/Third-Party Plaintiff. | |
| WILLIAM SHERIDAN, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY and GARDEN STATE MUNICIPAL JOINT INSURANCE FUND, | |
| Third-Party Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions: 1) the motion to dismiss William Sheridan's third-party Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil procedure 12(b)(6), by third-party Defendant Liberty Mutual Insurance Company; and 2) the motion for summary judgment on the Second Count of William Sheridan's third-party Complaint, pursuant to Federal Rule of Civil Procedure 56, by third-party Defendant Garden State Municipal Joint Insurance Fund. For the reasons stated below, both motions will be

granted.

This dispute arises from the lawsuit by Plaintiff Imelda Reina against various defendants, including William Sheridan ("Sheridan"), which alleges that Sheridan injured her during a visit to her home which he made in his role as a housing inspector for the Township of Union. Sheridan answered the Complaint and filed a third-party Complaint (the "TPC") with two counts, one seeking indemnification under a policy issued by third-party Defendant Liberty Mutual Insurance Company ("Liberty"), the other seeking indemnification under a policy issued by third-party Defendant Garden State Mutual Joint Insurance Fund ("GSM"). Liberty has filed a motion to dismiss the TPC, and GSM has filed a motion for summary judgment.

Liberty moves to dismiss the TPC on the ground that the TPC alleges that Sheridan was acting in the course of his employment at the time of the injury, and that the policy at issue has an exclusion for coverage for injuries arising out of the insured's employment. In opposition, Sheridan argues that the TPC contains two claims which are in the alternative: one for coverage under his homeowner's policy from Liberty, if Plaintiff's injury is found to be for conduct outside the course of his employment, and one for coverage under GSM, alleged to cover employees of the Township of Union. Sheridan contends that pleading in the alternative is permissible, and that it is too early in the litigation for the Court to determine whether or not he injured Plaintiff while acting within the scope of his employment.

Yes, pleading in the alternative is permissible, but each alternative claim must nonetheless meet the Supreme Court's pleading requirements. A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556.)  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 1965 (internal citations omitted).

The problem for Sheridan here is that the First Count of the TPC does not plead sufficient facts to meet the requirement that it raise the right to relief from Liberty above the speculative level.  The TPC specifically identifies the insurance policy issued by Liberty and thereby incorporates that document.  In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  Sheridan does not dispute that this insurance policy does, in fact, exclude coverage for liability for injuries he caused while acting within the scope of his employment.

Sheridan contends that the First Count of the TPC should be read without reference to the factual allegations in the Second Count.  That is fine, but the First Count, standing alone, fails to state a valid claim for relief.  It fails to plead facts which make it plausible that Liberty has an

3

obligation under that policy to cover Sheridan. When the Supreme Court decided <u>Twombly</u> and revised pleading standards, it eliminated this kind of speculative pleading. If Sheridan wishes to assert a claim against Liberty, he must plead facts to support his claim that he is entitled to coverage. The claim against Liberty will be dismissed without prejudice. If Sheridan believes that he can plead sufficient facts to permit an amended TPC to withstand a Rule 12(b)(6) motion, he may seek leave of the Court to do so.

GSM moves for summary judgment on the ground that, in short, the policy in question contains an exclusion which bars insurance coverage for Sheridan.[1] In opposition, Sheridan argues that a material disputed factual question precludes the entry of judgment as a matter of law. Sheridan concedes that he pleaded guilty to a charge of criminal sexual contact in the fourth degree that relates to Plaintiff Reina's claims, and that he did so prior to the date on which Reina filed this suit. The parties do not dispute that the policy states this exclusion provision:

> The Underwriters will not make payment for any loss, CLAIM or for any DEFENSE COSTS for any employee, volunteer worker, official or other person or persons. However, with respect only to this Insuring Agreement D., Underwriters agree, subject to all other policy limitations, terms and conditions, that as to any CLAIM or SUIT for SEXUAL ABUSE, Underwriters will indemnify the employee, volunteer worker or official for all reasonable DEFENSE COSTS to the extent such DEFENSE COSTS are incurred prior to the date on which, by either agreement, admission, or settlement of a CLAIM or by an adjudication, it is determined that the employee, volunteer worker or official committed an act of SEXUAL ABUSE.

(GSM's Reply Ex. 1 at 33.) The parties also do not dispute that the policy defines "sexual abuse" as follows:

---

[1] GSM's brief points out that it is not, in actuality, an insurer, but is the policyholder of an insurance policy issued by Lloyd's, London. These facts are neither disputed nor material to the instant motion.

> SEXUAL ABUSE means any actual, attempted or alleged criminal sexual conduct of a person by another person, or persons acting in concert, regardless if criminal charges or proceedings are brought, which causes physical and/or mental injuries. SEXUAL ABUSE also includes actual, attempted or alleged: sexual molestation, sexual assault, sexual exploitation or sexual injury.
>
> But SEXUAL ABUSE does not include SEXUAL HARASSMENT.

(GSM's Ex. D at 20.) Sheridan rests his argument on the following part of the definition of "sexual abuse:" "which causes physical and/or mental injuries." Sheridan argues that it has yet to be determined by this Court whether he caused Reina any injuries, and so it has yet to be determined whether he committed an act of sexual abuse, within the meaning of the exclusion clause.

The New Jersey Supreme Court has recently summarized the law of interpretation of insurance policies as follows:

> Insurance policies are construed in accordance with principles that govern the interpretation of contracts; the parties' agreement will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled. The terms of insurance contracts are given their plain and ordinary meaning, with ambiguities resolved in favor of the insured. Nonetheless, courts cannot write for the insured a better policy of insurance than the one purchased.

Memorial Properties, LLC v. Zurich American Ins. Co., 210 N.J. 512, 525 (2012) (citations omitted). "While coverage provisions are given a broad interpretation by the courts, a strict interpretation is required when there is an exclusion clause which is also strictly construed against the insurer." Stafford v. T.H.E. Ins. Co., 309 N.J. Super. 97, 103 (N.J. Super. Ct. App. Div. 1998). Nonetheless, in that same decision, the Appellate Division held:

> We recognize that if there is a second fair interpretation of an exclusion available to an injured plaintiff, the insurance policy will be construed for coverage against the insurer. This does not mean however that any far-fetched interpretation of a policy exclusion will be sufficient to create an ambiguity requiring coverage.

5

Id. at 105 (citations omitted). The question, then, for this Court is whether the parties here have proposed two fair readings of the policy.

Sheridan proposes that the "date on which, by either agreement, admission, or settlement of a loss, occurrence or suit or by an adjudication, it is determined that the employee, volunteer worker or official committed an act of sexual abuse" has not yet occurred, and that it will not occur until this Court determines whether his sexual acts injured the Plaintiff.

Sheridan's argument is unpersuasive. It is undisputed that Sheridan pleaded guilty to criminal sexual contact in the fourth degree, in violation of N.J.S.A. 2C:14-3b, which states: "An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2 c.(1) through (4). Criminal sexual contact is a crime of the fourth degree." There is no dispute that, after Sheridan pleaded guilty to this charge in criminal court, and prior to the date Plaintiff Reina filed the instant case, there was a criminal adjudication of Sheridan, within the meaning of the policy.

Sheridan contends that the conditions of the policy definition have not been met. This is unpersuasive because Sheridan has overlooked that the definition, quoted above, has three parts: the sentence that Sheridan relies on, then a sentence, using the word "also," which adds to the scope of the definition, and then a third sentence which excludes sexual harassment from the definition. The second sentence states: "SEXUAL ABUSE **also** includes actual, attempted or alleged: sexual molestation, sexual assault, sexual exploitation or sexual injury." (GSM's Ex. D at 20) (emphasis added). Thus, even if this Court agreed with Sheridan's interpretation of the first sentence – which it does not –, Sheridan's conviction for fourth degree criminal sexual contact fits within the scope of "sexual assault" in the second sentence. Sheridan's conviction

fits within the scope of the policy's definition of sexual abuse under the second sentence, which, because of the word "also," states an alternative definition to the first sentence.

This Court thus concludes that, even if Sheridan's proposed interpretation of the language of the policy were a fair one, it would not be sufficient to defeat operation of the exclusion clause. GSM has shown that no disputed material facts preclude entry of a judgment that the unambiguous language of the insurance policy states that insurance liability ended on the date that Sheridan's criminal charge was adjudicated. As such, the determination of his civil liability is not an issue of material fact that precludes entry of judgment on GSM's motion as a matter of law. GSM's motion will be granted, and judgment on the Second Count of the TPC will be entered in GSM's favor.

For these reasons,

**IT IS** on this 24th day of July, 2013

**ORDERED** that Liberty's motion to dismiss the third-party Complaint (Docket Entry No. 21) is **GRANTED**, and the First Count of the third-party Complaint is hereby dismissed without prejudice; and it is further

**ORDERED** that GSM's motion for summary judgment (Docket Entry No. 26) is **GRANTED**, and Judgment on the Second Count of the third-party Complaint is hereby entered in GSM's favor.

                                                  s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.