NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

IMELDA REINA,

       Plaintiff,

  v.

TOWNSHIP OF UNION, WILLIAM SHERIDAN et al.

       Defendants.

Hon. Stanley R. Chesler, U.S.D.J.
Civil Action No. 13-659 (SRC)

OPINION

---

**CHESLER, U.S.D.J.**

    This matter comes before this Court on two motions: 1) the motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil procedure 12(b)(6), by Defendant the Township of Union (the "Township"); and 2) the motion for leave to amend the Amended Complaint by Plaintiff Imelda Reina. For the reasons stated below, the motion to dismiss will be granted and the motion for leave to amend will be denied.

    This dispute arises from the lawsuit by Plaintiff Imelda Reina against various defendants, including William Sheridan ("Sheridan"), which alleges that Sheridan injured her during a visit to her home which he made in his role as a housing inspector for the Township of Union. The Township has moved to dismiss the Amended Complaint, contending that it fails to meet the Supreme Court's pleading requirements. A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic v.</u>

Twombly, 550 U.S. 544, 570 (2007)).  The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556.)  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 1965 (internal citations omitted).

The Township is entirely correct that the Amended Complaint asserts absolutely no factual allegations which might support any claims against it.  The only fact asserted in the Amended Complaint that even has a tie to the Township is the statement that Defendant William Sheridan was an employee.  There is nothing else there.

The Amended Complaint seeks to find the Township liable for Plaintiff's alleged injuries under a number of theories: 1) failure to train and supervise; 2) "failure to follow appropriate policies and procedures" (Am. Compl. at 5); and 3) deliberate or reckless indifference toward Plaintiff.

The Amended Complaint is perhaps a textbook example of the kind of purely conclusory pleading, unsupported by any factual allegations, that cannot pass muster after Twombly.  There are no facts alleged to even suggest municipal liability, whether on a failure to supervise theory, a theory that a municipal policy or practice caused Plaintiff's alleged injuries, or any other legal theory.  The Amended Complaint contains no factual allegations about any specific person,

policy, or practice associated with the Township with the exception of William Sheridan.

After the motion to dismiss was filed, Plaintiff moved to amend the Amended Complaint, seeking the opportunity to plead additional facts to support municipal liability, and submitted a proposed Second Amended Complaint. The Township objects that leave to amend should be denied because, *inter alia*, there is little difference between the First and proposed Second Amended Complaints. The Township is correct: as regards the Township, the proposed Second Amended Complaint pleads not a single new fact. The proposed Second Amended Complaint is as deficient, as just discussed, as the Amended Complaint. The proposed Second Amended Complaint could not withstand a Rule 12(b)(6) motion. As such, amendment is futile.

Under Third Circuit law:

> Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend. Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. The standard for assessing futility is the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citations omitted). The motion for leave to amend the Amended Complaint will be denied.

Furthermore, Plaintiff has now twice attempted to revise the Complaint against the Township and has failed to offer a legally sufficient complaint. This Court concludes that, as regards the Defendant Township, any further amendment is futile.

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a

3

defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because this Court has concluded that the Amended Complaint, as drafted, states no valid claims against the Township, and that amendment is futile, as to the Township only, the Amended Complaint will be dismissed with prejudice.

                                              s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: November 20, 2013