NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
IMELDA REINA,                       :
                                    :
         Plaintiff,                 :     Hon. Stanley R. Chesler, U.S.D.J.
                                    :     Civil Action No. 13-659 (SRC)
     v.                             :
                                    :
TOWNSHIP OF UNION, WILLIAM SHERIDAN :     **OPINION & ORDER**
et al.                              :
                                    :
         Defendants.                :
_____ :

**CHESLER, U.S.D.J.**

      This matter comes before this Court on two motions: 1) the motion by Plaintiff Imelda Reina for reconsideration of the Opinion and Order entered on November 20, 2013; and 2) the motion for sanctions, pursuant to Rule 11, by Defendant the Township of Union (the "Township"). For the reasons stated below, both motions will be denied.

      "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

      In the Opinion and Order entered on November 20, 2013, this Court granted the Township's motion to dismiss, dismissed the claims in the Amended Complaint against the

Township, and denied Plaintiff leave to amend the Amended Complaint.  Plaintiff seeks reconsideration on several grounds.

Plaintiff first argues that this Court erred by failing to convert the motion to dismiss into a motion for summary judgment, because Defendants made arguments based on facts outside the pleadings.  Federal Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Rule 12(d) requires two conditions precedent: 1) matters outside the pleadings must be presented; and 2) such matters must not be excluded by the Court.  The Opinion entered on November 20, 2013 makes no reference to factual matters outside the pleadings; all such matters were excluded by the Court.  The conditions precedent for the application of Rule 12(d) were not satisfied.

Plaintiff next argues that, in granting the Township's motion to dismiss, this Court misapplied the Supreme Court's decision in Twombly.  Plaintiff proceeds to reargue the point that the Amended Complaint made plausible claims against the Township.  This Court still does not agree, and find no basis for reconsideration on this ground.  Plaintiff next reargues that she has a claim against the Township for negligence in its training, supervision, and control of Defendant Sheridan.  As explained in the Opinion of November 20, 2013, neither the Amended Complaint nor the proposed Second Amended Complaint allege sufficient facts to make plausible such a claim against the Township.  Similarly, Plaintiff next contends that the Amended Complaint pleaded a valid claim against the Township under 42 U.S.C. § 1983; again, this Court does not agree.  Plaintiff presents nothing new in these points, nothing that this Court has overlooked: it is all reargument.

Plaintiff next argues that the Amended Complaint asserted valid claims against the Township under the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Civil Rights Act. Plaintiff contends that this Court overlooked her argument that such claims were valid because municipal employees are places of public accommodation under the NJLAD, pursuant to Ptaszynski v. Uwaneme, 371 N.J. Super. 333, 347 (N.J. Super. Ct. App. Div. 2004). This point, while not discussed in the Opinion of November 20, 2013, was not overlooked; it simply fails to rescue the referenced claims.

As previously indicated, the Amended Complaint contains no factual allegations which make plausible any claim against the Township. The Amended Complaint alleges that Defendant Sheridan, acting in his official capacity:

> and/or acting individually in private capacity sexually contacted and/or sexually abused and/or sexually harassed plaintiff in a lewd and atrocious manner and/or acted in such an offensive and atrocious manner and/or acted in such a negligent and/or reckless manner such as to sexually contact plaintiff and/or otherwise act toward plaintiff in an unwanted, lewd and atrocious manner.

(Am. Compl. First Count ¶ 3.) The Amended Complaint does not allege any conduct by the Township of Union. The Court examined the proposed Second Amended Complaint and found that, "as regards the Township, the proposed Second Amended Complaint pleads not a single new fact." (Opinion of November 20, 2013 at 3.) In paragraph 4 of the First Count in the proposed Second Amended Complaint, there is new detail about the alleged sexual contact. The key problem is, however, that nowhere in either the Amended Complaint or in the proposed Second Amended Complaint are there any factual allegations that support the inference that Sheridan was acting as an agent of the Township at any time during the incident. No facts have been alleged that indicate that Sheridan was acting within the scope of his employment when the

alleged sexual contact occurred. In short, while Plaintiff's submissions to this Court in terms of legal briefing were voluminous, virtually nothing was done to connect Plaintiff's legal theories of Township liability with any factual assertions. The Court's review of Plaintiff's motion for reconsideration finds nothing to rectify that deficiency. Nor does Plaintiff's argument that, under Ptaszynski, a municipal employee may be a "place of accommodation" under the NJLAD, get around the problem under Twombly: the facts alleged do not make plausible a claim that Sheridan was in any way, shape, or form, acting as an agent of his employer during the alleged assault. Plaintiff asserts no facts that indicate that Sheridan was present in Plaintiff's home performing work for the Township. As such, Ptaszynski cannot rescue this claim against the Township from invalidity. This Court still sees no factual support for any theory of Township liability.

Plaintiff has shown no basis for reconsideration. The motion for reconsideration will be denied.

Lastly, Plaintiff asks that, should this Court deny reconsideration, it grant permission for an interlocutory appeal of the Order of November 20, 2013. Plaintiff has not shown that this warrants certification as final for purposes of appeal, nor that there is a controlling question of law. The relevant statutory provision, 28 U.S.C. § 1292(b), states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This Court does not see how an immediate appeal would materially advance the ultimate termination of the litigation. Permission to file an interlocutory appeal is denied.

The Township has moved for sanctions against Plaintiff under Rule 11, contending that the arguments made in support of reconsideration are frivolous.  While this Court has found them unpersuasive, they are not frivolous.  As Defendant acknowledges, under Third Circuit law, such sanctions are reserved for exceptional circumstances.  <u>Ario v. Underwriting Members of Syndicate 53 at Lloyds</u>, 618 F.3d 277, 297 (3d Cir. 2010).  Moreover, the Third Circuit has held: "It bears repeating that the target is abuse -- the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute."  <u>Gaiardo v. Ethyl Corp.</u>, 835 F.2d 479, 482 (3d Cir. 1987).  There is no basis to find that Plaintiff abused the legal process in seeking reconsideration.  The motion for sanctions will be denied.

For these reasons,

**IT IS** on this 28th day of February

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 77) is **DENIED**; and it is further

**ORDERED** that the Township's motion for sanctions (Docket Entry No. 87) is **DENIED**.

                                               s/ Stanley R. Chesler  
                                            STANLEY R. CHESLER, U.S.D.J.