<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMELDA REINA, | |
| Plaintiff, | Hon. Stanley R. Chesler, U.S.D.J. |
| | Civil Action No. 13-659 (SRC) |
| v. | |
| TOWNSHIP OF UNION, WILLIAM SHERIDAN et al. | **OPINION & ORDER** |
| Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on Plaintiff Imelda Reina's motion to vacate this Court's Order entered on November 20, 2013. For the reasons stated below, the motion to vacate will be denied.

In the Order entered on November 20, 2013, this Court granted the motion to dismiss the Amended Complaint by Defendant the Township of Union (the "Township"), and dismissed the Amended Complaint against the Township with prejudice. Plaintiff how seeks to vacate that Order, pursuant to Federal Rule of Civil Procedure 60.

In brief, Plaintiff argues that the Court should vacate the Order of dismissal because of newly-discovered evidence. The gist of the newly-discovered evidence is the testimony of Defendant William Sheridan ("Sheridan") that he did not receive any sexual harassment training from the Township. Plaintiff contends that this provides sufficient factual support to make plausible a <u>Monell</u> claim against the Township for failure to train Sheridan. It does not. The Supreme Court has stated: "our first inquiry in any case alleging municipal liability under § 1983

is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Plaintiff has not pointed to any facts which suggest a direct causal link between failure to provide sexual harassment training to a housing inspector and an episode of sexual harassment. Housing inspectors do not need special training in order to know that they should avoid sexual contact with property owners. The motion to vacate will be denied.

For the same reason, Plaintiff's motion for leave to amend the Amended Complaint will be denied.

For these reasons,

**IT IS** on this 30th day of June, 2015

**ORDERED** that Plaintiff's motion to vacate the Court's Order of November 20, 2013 and for leave to amend the Amended Complaint (Docket Entry No. 105) is **DENIED**.

                                                    s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.